UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLOTTE PHILLIPS and BOB MYRICK, *individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> WELLPOINT, INC., UNICARE NATIONAL SERVICES, INC., UNICARE ILLINOIS SERVICES, INC., UNICARE HEALTH INSURANCE COMPANY OF THE MIDWEST, RIGHTCHOICE MANAGED CARE, INC., and RIGHTCHOICE INSURANCE COMPANY, <br><br> Defendants. | Case No. 10-cv-357-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Remand (Doc. 24). Defendants filed a Response (Doc. 32) thereto, to which Plaintiffs filed a Reply (Doc. 48).

For the following reasons, the Court **DENIES** the instant motion.

## BACKGROUND

On March 17, 2010, Plaintiffs filed their Complaint (Doc. 1-1, p. 2 - Doc. 1-2, p. 8), which remains the operative pleading in this litigation, against Defendants in the Circuit Court for the Third Judicial Circuit in Madison County, Illinois. The complaint states the following four claims against Defendants: 1) violation of the Illinois Health Insurance Portability and Accountability Act, specifically 215 ILCS 97/50, which chronicles renewability of individual health insurance coverage and exceptions pertaining thereto (Counts I and II); 2) breach of contract (Count III); and 3) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*. (Count IV).

Plaintiffs bring this action on behalf of the following putative class: "all *Illinois* persons who were [Defendant] RightCHOICE [Insurance Company (hereinafter "RightCHOICE")] individual or group health insurance *policyholders* at the time of the notice of the conversion scheme,[1] who following termination of their RightCHOICE policies were either rejected for Unicare underwritten coverage or automatically converted into Unicare policies." Doc. 1-1, p. 45, ¶ 107 (emphasis added). Plaintiffs estimate that their class, if certified, will exceed 12,000 individual RightCHOICE policyholders and 12,000 "group members." *Id*. at ¶ 108.

Defendants timely removed the matter to this Court on May 12, arguing that federal jurisdiction exists for the following two reasons: 1) this matter arises under the laws of the United States pursuant to 28 U.S.C. §1331 because the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*., completely preempts Counts II and III and supplemental jurisdiction may be exercised over Counts I and IV; and 2) diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because of the applicability of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). Plaintiffs filed the instant motion to remand shortly thereafter.

## ANALYSIS

**I.     Removal and Remand Generally**

As an initial matter, the Court notes the general standards under which it must evaluate Plaintiffs' motion to remand. Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and

---

[1] The gravamen of Plaintiffs' Complaint is that Defendant WellPoint, Inc. (hereinafter "WellPoint") deceived public officials and policyholders in acquiring RightCHOICE and thereafter illegally rejected and re-priced RightCHOICE's unhealthy and unprofitable insureds.

division embracing the place where such action is pending." *See also Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1017 (7th Cir. 2004); *Jones v. Gen. Tire & Rubber Co.*, 541 F.2d 660, 664 n.5 (7th Cir. 1976). The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997).

"'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). And, "[a]ll doubts about the propriety of removal are to be resolved in favor of remand." *Sabo v. Dennis Techs., LLC*, No. 07-cv-283-DRH, 2007 WL 1958591, at *2 (S.D. Ill. July 2, 2007).

**II.** **CAFA Generally**

CAFA states, in pertinent part, that "federal courts have jurisdiction over cases in which the amount in controversy exceeds $5 million, the class contains at least 100 members, and . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." *In re Safeco Ins. Co. of Am.*, 585 F.3d 326, 300 (7th Cir. 2009) (citation and quotation marks omitted); 28 U.S.C. §§ 1332(d)(2), (d)(2)(A), (d)(5)(B), (d)(6), (d)(7) (2006).

Here, Plaintiffs do not dispute that this case meets the basic requirements of CAFA. Indeed, Plaintiffs' complaint alleges that the proposed class will exceed 20,000 policyholders and group members, and Defendants' Notice of Removal (Doc. 1) explains that the amount in controversy easily exceeds $5,000,000, which Plaintiffs do not contest. Further, with respect to

minimal diversity of citizenship, Plaintiffs are citizens of Illinois, and Defendants have sufficiently demonstrated via affidavit that WellPoint is a citizen of Indiana. Doc. 6-1, p. 10, ¶ 2 ("WellPoint Inc. is incorporated in the State of Indiana and its principal place of business is in Indianapolis, Indiana."); *Se. Guar. Trust Co., Ltd. v. Rodman & Renshaw, Inc.*, 358 F. Supp. 1001, 1005-1006 (N.D. Ill. 1973) ("For the purposes of [28 U.S.C. § 1332(c)] . . . , a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]").

Therefore, it can safely be said that CAFA applies to this case and generally grants the Court diversity jurisdiction.

### III. Exceptions to CAFA

While Plaintiffs concede that this case comes under CAFA generally, they argue that it falls under the following exceptions thereto: 1) the local controversy exception; and, 2) the home state exception. These exceptions are "designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state." *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 682 (7th Cir. 2006).

As a practical matter, since Defendants have shown that CAFA jurisdiction exists, Plaintiffs carry the burden of persuasion on whether the local controversy exception and/or the home state exception applies to CAFA. *In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010); *Hart*, 457 F.3d at 681. The Court will address each in kind.

#### A. Local Controversy Exception

The local controversy exception to CAFA, which is "more intricate" than the home state

exception, *Sprint*, 593 F.3d at 672, provides that the Court must decline from exercising jurisdiction if Plaintiffs establish the following elements:

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> (II) at least 1 defendant is a defendant —
>> (aa) from whom significant relief is sought by members of the plaintiff class;
>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>> (cc) who is a citizen of the State in which the action was originally filed; and
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]

28 U.S.C. § 1332(d)(4)(A) (2006); *Roche v. Country Mut. Ins. Co.*, Civil No. 07-367-GPM, 2007 WL 200302, at *6 n. 9 (S.D. Ill. July 6, 2007); *Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at *5 (S.D. Ill. Nov. 22, 2006). It is important to note that "[c]itizenship of the members of the proposed plaintiff classes shall be determined for purposes of [CAFA and exceptions thereto] as of the date of filing of the complaint . . . ." § 1332(d)(7).

Here, the only element of this intricate exception that the parties seriously dispute is whether two-thirds of the proposed class are citizens of Illinois (where this action was originally filed). What is not in dispute is that Plaintiffs must make such a two-thirds showing by a preponderance of the evidence. *Sprint*, 593 F.3d at 673 (discussing the burden of proof that lies with plaintiffs in regards to the home state exception); *Morrison v. YTB Int'l, Inc.*, Case Nos. 08-565-GPM, 08-579-GPM, 10-305-GPM, 2010 WL 1558712, at *11 (S.D. Ill. Apr. 19, 2010) (same).

As primary support for their proposition that two-thirds of the proposed class are citizens of Illinois, Plaintiffs point to the definition of the proposed class, which is explicitly limited to Illinois individual or group health insurance policyholders.[2] Because the terms of the relevant policies required individual policyholders to be residents of Illinois, Doc. 1-2, p. 40 ("To be eligible for this program, the subscriber (the person whose name the coverage is in) must live within the state of Illinois."), Plaintiffs reason that *only* citizens of Illinois could be in the proposed class. There, however, are a number of problems with this logic. First, it only considers *individual* RightCHOICE policyholders, although the complaint alleges that half of the proposed class will be *group* policyholders. This is an important distinction because corporate employers exclusively comprised the RightCHOICE group policyholders. Doc. 6-1, p. 7, ¶ 2 ("*All* of the [RightCHOICE] group health policies were issued in connection with group plans offered by employers.") (emphasis added). Because, as aforementioned, the citizenship of a corporation depends upon the company's state of incorporation *and* its principal place of business, *Se. Guar. Trust Co., Ltd. v. Rodman & Renshaw, Inc.*, 358 F. Supp. 1001, 1005-1006 (N.D. Ill. 1973), serious doubt is cast upon Plaintiffs' contention that the proposed class consists solely of Illinois citizens.

Next, in their motion, Plaintiffs mistakenly equate residency to citizenship in terms of the Court's diversity jurisdiction under CAFA. While evidence of residency may create a rebuttable

---

[2]As Defendants point out, Plaintiffs' complaint is unclear whether the proposed class extends to beneficiaries and dependents under the RightCHOICE policies at issue. If Plaintiffs indeed seek to litigate this action on behalf of RightCHOICE beneficiaries and dependents, it is even more unlikely that two-thirds of the proposed class are citizens of Illinois because, unlike policyholders, RightCHOICE family members could live anywhere in the United States and still be covered by the policies. Doc. 1-2, p. 40. Regardless, the Court need not consider the citizenship of RightCHOICE beneficiaries and dependents due to the specific language employed by Plaintiffs in describing the proposed class. Doc. 1-1, p. 45, ¶ 108 ("[A]ll Illinois persons who were RightCHOICE individual or group health insurance *policyholders* at the time of the notice of the conversion scheme . . . .") (emphasis added).

presumption of domicile and, by implication, citizenship, *see District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941); *Kitson*, 2006 WL 3392752, at *6, the two are not one and the same. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) ("[R]esidency alone does not determine citizenship.").

In their reply brief, Plaintiffs somewhat retract their absolute view on residency and citizenship but argue that this case nevertheless presents great overlap between the two. Specifically, Plaintiffs tout Defendants' responses to interrogatories stating that, as of June, September, and December of 2002, nearly all of RightCHOICE's individual policyholders had Illinois mailing addresses and virtually all of its group policyholders had Illinois billing addresses. *See* Doc. 48-2, p. 3-4; Doc. 48-3, p. 3-4. Plaintiffs, however, do not tout the rest of the answer to said interrogatory responses, wherein Defendants state that they do not have nor are they providing the citizenship of RightCHOICE individual or group policyholders. Although Plaintiffs' reliance on Defendants' discovery responses does carry some persuasive effect, the Seventh Circuit has previously announced its alignment with the majority of district courts holding "that a court may not draw conclusions about the citizenship of class members on things like their phone numbers and mailing addresses." *In re Sprint Nextel Corp.*, 593 F.3d 669, 673, 674 (7th Cir. 2010); *Gerstenecker v. Terminix Int'l, Inc.*, No. 07-cv-164-MJR, 2007 WL 2746847, at *3 (S.D. Ill. Sept. 19, 2007). In discussing the two-thirds requirement of the home state exception,[3] the *Sprint* Court found any purported bridge between one's mailing address and his citizenship to be based on, at best, "sensible guesswork." *Sprint*, 593 F.3d at 674 (citing, *inter alia*, out-of-state businesses and a state's residents that do not intend to stay indefinitely as chief causes of concern).

---

[3] While *Sprint* was decided in the context of the home state exception to CAFA, the Court has no reason to believe that it should not apply with equal force to the local controversy exception.

The Court finds *Sprint* to be particularly applicable to this case. Even if Defendants' interrogatory responses had addressed June, September, and December of *2009*, any purported correlation between the mailing and billing addresses of RightCHOICE's policyholders and their citizenship represents guesswork. Per *Sprint*, any such conjecture is simply insufficient to meet the two-thirds requirement of the local controversy exception.

Finally, and perhaps most importantly, Plaintiffs ignore the eight years that have passed from the time the RightCHOICE policies were last in effect and the date of the filing of the operative complaint. Again, it is the latter that determines the citizenship of the proposed class. Even given the general deference against removal in the motion to remand context, the Court cannot and will not assume that every individual and group RightCHOICE policyholder that was a citizen of Illinois has remained so to this date. Some individuals have undoubtedly moved, and some companies have likely reincorporated or moved their principal place of business out-of-state. Plaintiffs' general argument as to the immobility of the uninsured population is inherently speculative.

In sum, neither party has provided the Court with the number of class members or percentage of the proposed class that were citizens of Illinois on March 17, 2010. This failure is damning to Plaintiffs in that they have not established that it is more likely than not that two-thirds of the proposed class are citizens of Illinois for purposes of the local controversy exception to CAFA. For this reason, the exception simply does not apply, and the Court does not need to address the other elements thereof.

### B. Home State Exception

Plaintiffs next rely on the home state exception to CAFA as the only other means of escaping this Court's diversity jurisdiction. Due to the foregoing analysis of the local controversy

exception, the Court's review of the home state exception shall be short and swift.

The home state exception makes clear that the Court must not exercise diversity jurisdiction if Plaintiffs establish that "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B) (2006); *In re Sprint Nextel Corp.*, 593 F.3d 669, 671 (7th Cir. 2010). As the language of the statute indicates, "*all* of the primary defendants in a class action or putative class action must be citizens of the state where the case was filed." *Morrison v. YTB Int'l, Inc.*, Civil Nos. 08-565-GPM, 08-579-GPM, 10-305-GPM, 2010 WL 2132062, at *2 (S.D. Ill. May 26, 2010) (emphasis added); § 1332(d)(4)(B). To be a primary defendant, one must allegedly be directly liable under the complaint; meanwhile, secondary defendants are those parties sued pursuant to a various liability theory or joined for contribution or indemnification. *Morrison*, 2010 WL 2132062, at *2.

Here, for the home state exception to apply, Plaintiffs must show by a preponderance of the evidence that at least two-thirds of the proposed class consists of Illinois citizens. Of course, the Court's analysis of the local controversy exception, which concluded that Plaintiffs have not and cannot make such a showing, is dispositive of this element and precludes invocation of the home state exception. Moreover, the Court is convinced that WellPoint, which is not a citizen of Illinois but rather a citizen of Indiana for reasons discussed *supra*, is a primary defendant in this matter as chronicled by the allegations of the complaint and Plaintiffs' admissions. *See* Doc. 1-1; Doc. 24, p. 14. For Plaintiffs to name WellPoint at the top of their complaint and then argue that the company is not a primary defendant is disingenuous. Put simply, the home state exception does not apply in this case.

In sum, jurisdiction exists with this Court by way of CAFA, and Plaintiffs' request for

remand is inappropriate.  The Court need not address the parties' arguments concerning ERISA given the Court's preclusive holdings with respect to CAFA.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Remand (Doc. 24). Pursuant to the Court's Order (Doc. 35) of July 15, 2010, Plaintiffs shall have up to and including December 10, 2010, to file their response to Defendants' Motion to Dismiss (Doc. 26)

**IT IS SO ORDERED.**
**DATED: November 23, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**