IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLOTTE PHILLIPS, et al.** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) Case No. 10–cv–0357–JPG–SCW |
| | ) |
| **WELLPOINT, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

# ORDER

**WILLIAMS, Magistrate Judge:**

This order reaffirms that discovery in the above-captioned case is closed, and shuts the door on latent discovery disputes that stem from the ongoing controversy of whether Defendant Wellpoint, Inc., has made overbroad assertions of attorney-client privilege.

District courts have broad discretion in discovery matters. ***Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001).** Except for remaining disputes pertaining to already-disclosed matters, discovery in this case has been closed (*see* Doc. 157). In exercising discretion regarding extensions of time, courts "should be mindful that the rules are intended to force parties and their attorneys to be diligent in prosecuting their causes of action." ***Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) (internal quotation marks and citation omitted). *See also id.* ("We live in a world of deadlines."** The court "has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines.").

During the course of the litigation, Plaintiffs have received no less than four extensions of time for discovery (*See* Docs. 86, 105, 134, 144). Over the last four months, the Court

— which encourages the parties to meet and confer in order to streamline and (if possible) informally resolve discovery disputes — has held nine discovery dispute hearings.  In general, the hearings revolved around Plaintiffs' claims that Defendant's assertions of attorney-client privilege over certain discovery documents were overbroad.  At one of those hearings (on June 27), Plaintiffs assured the Court they would be responding to Defendant's summary judgment motion by the June 29 deadline.  (Doc. 173).  In light of that assurance, the Court scheduled a discovery conference for July 11, so as to identify any remaining disputed assertions of privilege and continue the arduous task of resolving the discovery disputes in this case.  The Court directed the parties to meet and confer in advance of the July 11 conference.

Only a day after assuring the Court they were prepared to file their summary judgment response, Plaintiffs moved for an extension of time for that response.  (Their motion for extension of time (Doc. 175) remains pending before the District Judge).  Plaintiffs filed no discovery-related motions between the June 27 and July 11 discovery dispute conferences.  But at the July conference, Plaintiffs made it clear that they had not responded to Defendant's repeated attempts to schedule a meet and confer in advance of the conference — in clear violation of the Court's directive.[1]  While Plaintiffs' summary judgment response is undeniably important to their case, flatly ignoring the Court's directive regarding ongoing discovery is unacceptable — especially when four other attorneys are on the case, when Plaintiffs could have moved to extend the July 11 conference, and when both parties and the Court have already expended considerable effort to resolve *Plaintiff's discovery objections* in a timely fashion.  Insofar as the ongoing discovery dispute has been a continuous effort to address Plaintiff's objections to discovery responses — an effort that

---

[1] Plaintiffs did apparently send a single email to Defendant on the evening of July 10, but that does not excuse their otherwise complete failure to comport with the Court's directive to diligently work toward resolution of outstanding discovery disputes.  While the Court has some sympathy for Plaintiffs' lead counsel, who has apparently undergone major medical treatment over the last few weeks, the Court notes that Plaintiffs made no attempt to communicate with either the Court or the defendant between the June 27 conference and the July 10 e-mail — and that those medical issues were already known at the time Plaintiffs' counsel assured the Court they were on track to meet the June 29 response deadline (and, by implication, to diligently pursue resolution of the outstanding discovery disputes).

has required a continued enlargement of time — no more extensions will be given.  **See Packman, 267 F.3d at 647 (within court's discretion to deny compelling discovery where the court had warned plaintiff not to tarry and plaintiff was not diligent); Kalis v. Colgate-Palmolive Co., 231 F.3d 1049, 1056 (7th Cir. 2000) (no abuse of discretion in denying motion to compel filed after summary judgment motion filed and despite court's instruction to parties to diligently work out their discovery disputes); Spears, 74 F.3d at 157 (no abuse of discretion in denying motion to compel where the district court had given plaintiff "more than enough time to get his act together" and decided there would be no more extensions).**

To reiterate: discovery in the case is closed, and Plaintiffs have dropped the ball on their own discovery-related objections.  The undersigned finds they are not entitled to any further extension of time to raise objections over Wellpoint's assertions of attorney-client privilege.  Defendant is, of course, under a continuing obligation to produce any newly-discovered discovery materials that comport with previous discovery requests and Federal Rule of Civil Procedure 26.

**IT IS SO ORDERED.**
**DATE: <u>July 20, 2012</u>**                           /s/ *Stephen C. Williams*
                                                                            **STEPHEN C. WILLIAMS**
                                                                            United States Magistrate Judge