IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLOTTE PHILLIPS *and* BOB
MYRICK*, individually and on behalf of all
others similarly situated*,

        Plaintiffs,

    v.

WELLPOINT INC., UNICARE NATIONAL
SERVICES, INC., UNICARE ILLINOIS
SERVICES, INC., UNICARE HEALTH
INSURANCE COMPANY OF THE
MIDWEST, RIGHTCHOICE MANAGED
CARE, INC., *and* RIGHTCHOICE
INSURANCE COMPANY,

        Defendants.

Case No. 3:10-cv-00357-JPG-SCW

**MEMORANDUM AND ORDER**

      This matter comes before the Court on plaintiffs' motion to reconsider this Court's order

(Doc. 207) dismissing portions of their complaint and/or to certify the HIPAA private right of

action question for interlocutory appeal (Doc. 215).  Defendants filed a response (Doc. 219).  For

the following reasons the Court denies plaintiffs' motion.

**I.**     **Motion for Reconsideration**

      The first part of plaintiffs' motion requests this Court to reconsider its order (Doc. 207)

wherein it dismissed plaintiffs' Illinois Health Insurance Portability and Accountability (Illinois

HIPAA) claims.  The Court construes this to be a motion under Federal Rule of Civil Procedure

60(b).  It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in

exceptional circumstances.  *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000)

(citing *Dickerson v. Bd. of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).  Rule 60(b) allows a court

1

"to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table). Furthermore, ignorance of a litigant or attorney is not appropriate grounds for relief under Rule 60(b). *McCormick*, 230 F.3d at 327.

In both the present case and *Cima*, this Court thoroughly analyzed the factors under which a Court may find a private cause of action is implied in a statute.[1] In their motion, plaintiffs fail to point to any of the Rule 60(b) factors justifying the relief they seek. Rather, they simply rehash old arguments. Accordingly, the Court denies the portion of plaintiffs' motion seeking reconsideration of the Court's order (Doc. 207).

## II.    Interlocutory Appeal

In the alternative, plaintiffs ask this Court to certify an interlocutory appeal to the Seventh Circuit Court of Appeals, so that the Seventh Circuit may certify the underlying Illinois

---

[1] A private right of action is implied if:

> (1) the plaintiff is a member of the class for whose benefit the statute was enacted; (2) the plaintiff's injury is one the statute was designed to prevent; (3) a private right of action is consistent with the underlying purpose of the statute; and (4) implying a private right of action is necessary to provide an adequate remedy for violation of the statute.

*Fisher v. Lexington Health Care, Inc.*, 722 N.E.2d 1115, 1117-18 (Ill. 1999).

HIPAA question to the Illinois Supreme Court.  A district court may certify an interlocutory

order for appeal pursuant to 28 U.S.C. § 1292(b) which provides as follows:

> When a district judge, in making in a civil action an order not otherwise
> appealable under this section, shall be of the opinion that such order involves a
> controlling question of law as to which there is substantial ground for difference
> of opinion and that an immediate appeal from the order may materially advance
> the ultimate termination of the litigation, he shall so state in writing in such order.
> The Court of Appeals which would have jurisdiction of an appeal of such action
> may thereupon, in its discretion, permit an appeal to be taken from such order, if
> application is made to it within ten days after the entry of the order: Provided,
> however, That application for an appeal hereunder shall not stay proceedings in
> the district court unless the district judge or the Court of Appeals or a judge
> thereof shall so order.

Accordingly, the district court must find *all* of the following criteria before certifying an

interlocutory appeal: "there must be a question of *law*, it must be *controlling*, it must be

*contestable*, and its resolution must promise to *speed up* the litigation."  *Ahrenholz v. Bd. of Tr.*

*of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000).

In *Cima*, this Court denied the *Cima* plaintiffs' identical motion.  *See Cima v. WellPoint*

*Health Networks, Inc.*, Case No. 05-4127, Doc. 223.  In *Cima*, this Court found that the first

three criteria were satisfied.  *Id*. at 4-5.  The Court incorporates that portion of its previous order

herein.  This Court, however, found that the fourth criterion was not satisfied.  *Id*. at 5.  *Cima*

plaintiffs failed to argue that resolution of the matter would speed up litigation.  *Id*.  Rather, they

simply argued it would not slow down litigation.  *Id*.  The Court went on to explain that

certification of the question may very well slow down litigation because the Seventh Circuit

would then have to certify the question to the Illinois Supreme Court and await its decision.

The Court, here, reaches the same conclusion it did in *Cima*.  Plaintiffs have not offered

an argument that the resolution of this question would speed up litigation.  As the Court

explained in *Cima*, such a certification would likely slow down litigation because the Seventh

Circuit would have to certify the question to the Illinois Supreme Court and then await a decision from that court. Further, in light of the Court's decision to grant summary judgment in favor of defendants, plaintiffs may now appeal this matter along with any other appeal to the Seventh Circuit. Accordingly, as it did in *Cima*, this Court finds that plaintiffs fail to meet the fourth statutory criterion and deny plaintiffs' motion to certify this question for appeal.

## CONCLUSION

Accordingly, the Court **DENIES** plaintiffs' motion (Doc. 215) asking this Court to reconsider its order or in the alternative to certify the HIPAA private right of action question for appeal.

**IT IS SO ORDERED.**

**DATED:** December 10, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**