IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLOTTE PHILLIPS *and* BOB MYRICK, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLPOINT INC., UNICARE NATIONAL SERVICES, INC., UNICARE ILLINOIS SERVICES, INC., UNICARE HEALTH INSURANCE COMPANY OF THE MIDWEST, RIGHTCHOICE MANAGED CARE, INC., *and* RIGHTCHOICE INSURANCE COMPANY,<br><br>    Defendants. | Case No. 3:10-cv-00357-JPG-SCW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiffs' motion to for leave to correct the judgment *nunc pro tunc* (Doc. 262). Defendants filed a response (Doc. 263) to which plaintiffs replied (Doc. 264). The Court notes this case is currently on appeal in the Seventh Circuit Court of Appeals, Case Number 12-3882.

On December 10, 2012, this Court entered judgment against plaintiffs Charlotte Phillips and Bob Myrick. Now, plaintiffs argue that this Court erroneously entered judgment against plaintiff Charlotte Phillips because she was previously withdrawn from this case. As such, they ask this Court to correct its judgment pursuant to Federal Rule of Civil Procedure 60(a).

"The Court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment . . . . But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's

leave." Fed. R. Civ. P. 60(a). Because this case is on appeal, the Court lacks authority to grant plaintiffs' motion. However, "if a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).

During a telephone discovery dispute conference held with Magistrate Judge Stephen C. Williams on November 14, 2011, plaintiffs' counsel represented to the Court that it wished to withdraw plaintiff Phillips as a class representative. In response to questioning from Judge Williams, plaintiffs' counsel explicitly expressed his desire to maintain plaintiff Phillips as a plaintiff in the instant case. Plaintiff Phillips never withdrew from this case, and the Court properly entered judgment against her. As such, the Court **DENIES** plaintiffs' motion (Doc. 262).

**IT IS SO ORDERED.**

**DATED:** May 16, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**